Herbert, J.
The respondent raises two questions in his brief on the demurrer which may be restated as follows:
(1) Was the proffer on July 17 of the referendum petition for filing made in time? (2) Is it mandatory to file a verified copy of the ordinance on which referendum is sought before circulating the referendum petition?
Section 11 of the city charter provides:
“All ordinances and resolutions shall be in effect from and after thirty (30) days from the date of their passage by the council except as otherwise provided by this charter.”
The only provisión of the charter relating to the initiative and referendum is section 82 which reads:
“The provisions of the General Code as to the initiative and referendum shall remain in full force and effect, except that the number of electors necessary for an initiative petition shall be three per cent and for a referendum petition six per cent and such petition shall be filed with the city clerk.”
We are, therefore, brought to a consideration of the applicable statutes.
Section 731.29 et seq., Revised Code, contain substantially the same provisions as their predecessors, Section 4227-2 et seq.', General Code, and must be construed to be the controlling *4 sections even though section 82 of the Youngstown charter has not been amended since the adoption of the Revised Code. In passing, it may also be noted, that the words, “any ordinance, or other measure passed by the council of any municipal corporation shall be subject to the referendum,” as they appeared at the beginning of Section 4227-2, General Code, were changed in the successor Section 731.29, Revised Code, to read, “any ordinance or other measure passed by the legislative authority of a municipal corporation shall be subject to the referendum.” (Emphasis supplied.)
It is undisputed here that the proffer of the referendum petition was made to the city clerk on the 17th day of July which was the 30th day following the passage by the city council'of the ordinance on June 17 and the 29th day after the presentation to the mayor, so that the demurrer cannot be sustained on the first point raised by the respondent. Where a city does not have charter provisions fixing its own methods of initiative and referendum, a referendum petition may be filed as to an ordinance or measure, passed by the council of such city, within 30 days from the presentation of such ordinance to the mayor of the city as provided in Section 731.29, Revised Code, pursuant to Section 1 f, Article II of the Constitution of Ohio.
Coming to the second point, the petition is silent regarding it, but it is agreed that Gottlieb did not file with the city auditor or clerk a verified copy of the ordinance on which referendum was sought before circulating his referendum petition which was proffered for filing on July 17.
Section 731.32, Revised Code, formerly Section 4227-6, General Code, reads as follows:
“Whoever seeks to propose an ordinance or measure in a municipal corporation by initiative petition or files a referendum petition against any ordinance or measure shall, before circulating such petition, file a verified copy of the proposed ordinance or measure with the city auditor or the village clerk.”
This legislative requirement does not distinguish between an initiative and a referendum petition. On the other hand, Section 731.31, Revised Code, provides:
“Any initiative or referendum petition may be presented *5 in separate parts, but each part of any initiative petition shall contain a full and correct copy of the title and text of the proposed ordinance or' other measure, and each part of any referendum petition shall contain the number and a full and correct copy of the title of the ordinance or other measure sought to be referred. * * *”
It is easily understandable why the full text of a proposed ordinance is required on each part of an initiative petition while only the title is required on each part of a referendum petition.
An examination of the history of these two sections shows that the provisions now contained in Section 731.31, Revised Code, that an initiative petition shall contain a full and correct copy of the text of a proposed ordinance, while requiring a referendum petition to contain only the number and a full and correct copy of the title of the ordinance sought to be referred, were first enacted in 1913 (103 Ohio Laws, 212), while the provisions now contained in Section 731.32, Revised Code, were first enacted in 1914 (104 Ohio Laws, 240). These provisions have remained substantially unchanged since their, original enactment. It also may be noted that the words, “the city auditor or the village clerk,” in Section 731.32 have remained unchanged since 1914, although many cities no longer have city auditors, as is the case with Youngstown.
A comparable situation in this respect arose in the case of State, ex rel. Blackwell, a Taxpayer, v. Bachrach et al., City Council of Cincinnati, 166 Ohio St., 301, 143 N. E. (2d), 127. Even though in that case Section 731.32. Revised Code, was held to be inapplicable where an initiative petition involved a proposed charter amendment, Bell, J., noted in the opinion (page 304):
“Although the city of Cincinnati has neither an auditor nor clerk, the finance director of Cincinnati performs the duties customarily performed by such designated officials.”
Here, it has been stipulated that the City Clerk of the City of Youngstown performs the duties customarily performed by the officials designated in Section 731.32, Revised Code.
It is not within the province of this court to consider the wisdom of this blanket requirement fixed in Section 731.32, as *6 compared to the distinction in the provisions of Section 731.31 requiring the full text on initiative petition parts and titles only on referendum petition parts, as that is a matter entirely within the discretion of the Legislature to determine.
We conclude, therefore, that the requirement of Section 731.32, Revised Code, that whoever seeks to propose an ordinance in a municipal corporation by initiative petition or files a referendum petition against any ordinance shall before circulating such petition file a verified copy of the proposed ordinance or measure with the city auditor or the village clerk, is mandatory, and in the absence of compliance therewith no duty falls upon the city clerk to receive and file with the board of elections a referendum petition otherwise valid.
Accordingly, the demurrer to the petition is sustained and the petition is dismissed.

Demurrer sustained and petition dismissed.

Weygandt, C. J., Zimmerman, Matthias, Bell and Peck, JJ., concur.
Taet, J., concurs in paragraph two of the syllabus and in the judgment.